Tavxor, Chief-Justice,
 

 delivered the opinion of this Court:
 

 This action is founded on a Sheriff’s bond, and bi’ought against the executor of one of the securities. The cause of action accrued before the year 1810; and the act of
 
 *215
 
 Assembly passed in that year, limiting such suits to a certain period, is relied on by the Defendant as a bar to the action. The provision of the act of 1810, ch. 18. is express, that 44 all suits on Sheriff’s bonds, &c. if the right 44 action has already accrued, shall be commenced and 44 prosecuted within three years after the passage of this 44 act, and not afterwards.” — The suit, originally commenced against the Defendant’s testator, abated by his death, the suggestion of which was made on the record in October, 1810 ; and the circumstance of its continuing to be prosecuted against the other parties, cannot affect the operation of the act upon this case — Between the abatement of the suit against Edwards, and the commencement of this action, nearly four years elapsed, whereas but three were allowed, even in an original action. The act. contains no clause, upon the equitable construction of which, the right of the Plaintiffs is saved •$ nothing, corresponding to the sixth section of the act of limitations of 1715, allowing a year after a reversal or arrest of judgment, to commence a new suit. Nor could such a clause possibly embrace this case, on account of the great lapse of time
 
 y
 
 and it cannot be contended that the institution of a former action in time will make the present action in season.
 
 *
 
 The case is completely within the act relied upon, and there must be judgment for the Defendant.
 

 *
 

 Lutw. 261. Wilcocks
 
 v.
 
 Huggins, 2 Strange 907.